# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, § § § Plaintiff, § § v. § § TSG II INVESTMENTS, LLC, et al., § § Defendants. § | CIVIL ACTION NO. 4:23-CV-01148-SDJ-AGD |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 11, 2025, the Report of the Magistrate Judge, (Dkt. #41), was entered containing proposed findings of fact and recommendation that Plaintiff's Motion for Summary Judgment (Dkt. #22) be granted, and the case be dismissed with prejudice. The Magistrate Judge further recommended that a judgment should enter as follows: (1) After all offsets, payments, and credits have been allowed, Plaintiff PNC Bank, National Association has been damaged by Defendants TSG II Investments, LLC and Ted Groesbeck, jointly and severally, in the sum of $990,867.14; and (2) Plaintiff PNC Bank, National Association should have and recover of and from Defendants TSG II Investments, LLC and Ted Groesbeck, jointly and severally, judgment in the sum of $990,867.14; prejudgment interest at the default rate under the loan documents of 18.00% per

1

annum from June 22, 2022, through entry of judgment; post-judgment interest at the current legal rate on the date of judgment; and costs of court, together with reasonable and necessary attorney's fees in a sum determined by the Court via separate motion.

On July 23, 2025, Defendants filed objections to the Report (Dkt. #45). On August 6, 2025, Plaintiff filed a Response to Defendants' Objections (Dkt. #48).

***Defendants' First Objection***

The gravamen of Defendants' objections is that the business records affidavit of Christopher Martin ("Martin Affidavit") was inadmissible summary judgment evidence (Dkt. #45). First, Defendants contend that the Martin Affidavit did "not address his knowledge of the process by which BBVA's records were incorporated into PNC Bank's records, because he has no knowledge of how those records were obtained or verified prior to incorporation." (Dkt. #45 at p. 4).

This objection is similar to that raised in *Cline v. Deutsche Bank National Trust Company*, No. 3:14-CV-1565-D, 2015 WL 4041791 (N.D. Tex. July 2, 2015). In *Cline*, the objected-to exhibits were "attached to the declaration of . . . the custodian of records for . . . the current loan servicer for plaintiffs' loan," and the objection was based on the custodian of records' "purported lack of personal knowledge to lay the foundation for admitting into evidence the records of the entities whom [the current loan servicer] succeeded as loan servicer." *Id.* at *3. The court recognized that, to be admissible, a party must show that the documents in question were integrated into the successor entity's records and were relied upon by the successor entity in its day-

2

to-day operations. *Id.* at *4. To discredit such records, the objecting party must show "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.*

As the Magistrate Judge found in the Report:

> the affidavit states: (A) the records attached to the Martin Affidavit "were made at or near the time or reasonably soon thereafter" by "an employee or representative of PNC Bank, with knowledge of the act, event, condition, opinion or diagnosis recorded"; (B) the records attached to the Martin Affidavit "are kept in the regular course of business"; (C) the records attached to the Martin Affidavit are part of "the regular course of business of PNC Bank"; and (D) Martin, who testified to the authenticity of the records attached to the Martin Affidavit, is the "custodian of records of PNC Bank." (Dkt. #22, Exhibit 1 at p. 4, ¶ 2)

(Dkt. #41 at p. 2). The foregoing demonstrates compliance with Federal Rule of Evidence 803(6).

Additionally, the foregoing establishes that the Martin Affidavit meets the test laid out in *Cline*. There are no magic words that courts require in order to trigger the business records exception. Rather, as discussed in *Cline*, the party seeking to introduce the business records it acquired from another entity through merger must show that the records were integrated into and relied upon by the successor entity. 2015 WL 4041791, at *3; *see also Chilmark Fin. Co., L.L.C. v. Spinks Joint Venture*, 87 F.3d 1312, 1312 (5th Cir. 1996) (per curiam) ("Indeed, business records produced by another but integrated into the records of the party offering them are admissible. . . . Rule 803(6) does not require that the records be prepared by the business which has custody of them. Where circumstances indicate that the records are trustworthy, the party seeking to introduce them does not have to present the testimony of the party who kept the record or supervised its preparation."); *Air Land*

3

*Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir 1999) ("Rule 803(6) allows business records to be admitted 'if witnesses testify that the records are integrated into a company's records and relied upon in its day to day operations.'") (citing *United States v. Jakobetz*, 955 F.2d 786, 801 (2nd Cir. 1992)).

Indeed, the Martin Affidavit specifically addresses the incorporation of the records and their reliability:

> PNC Bank acquired and incorporated the attached Exhibit[s] . . . into its permanent business records as a result of BBVA USA formerly known as Compass Bank's assignment to PNC Bank of the Loan Documents and Guaranty Documents as part of the merger between PNC and BBVA USA. These records are kept in the regular course of business of PNC Bank and, along with the electronic records provided at purchase, are PNC Bank's primary source of business records for this account. The accuracy of such documents is relied upon by PNC Bank in purchasing and collecting this account. These records are trustworthy and relie[d] upon because the original creditor was required to keep careful records of this account at issue in this case as required by law and/or suffer business loss.

(Dkt. #22, Exhibit 1 at p. 4, ¶ 3). Clearly, Plaintiff has averred that the documents to which Defendants object were acquired from BBVA USA, incorporated into the business records of Plaintiff, and relied upon by Plaintiff.

Defendants argue the above excerpt from the Martin Affidavit is not enough to establish the trustworthiness of the documents (Dkt. #45 at pp. 5–6). As support for this contention, Defendants cite *Powe v. Deutsche Bank National Trust Company for Residential Asset Securitization Trust Series 2004-A7 Mortgage Pass-Through Certificates 2004-G*, No. 4:15-cv-00661-ALM-CAN, 2017 WL 9250372 (E.D. Tex. July 6, 2017). Defendants state that in *Powe*, "the certifying affiant attests not only to the acquisition and incorporation of business records being introduced but also on

4

independent investigation work done by the acquiring entity, in the course of conducting its business, to verify the accuracy of those acquired records." (Dkt. #45 at pp. 5–6). Defendants attempt to contrast *Powe* with the instant case and assert that "the Martin [A]ffidavit relies entirely on the due diligence work of a defunct entity as the basis for the records['] trustworthiness." (Dkt. #45 at p. 6). Defendants are incorrect.

The affiant in *Powe*, Donealia Wilson, averred that the information in the affidavit was

> "based on [her] personal knowledge of the facts contained herein and they are true and correct." Wilson fu[r]ther avers that her "personal knowledge is based on [her] review of the Servicing Records" and "[i]n the regular performance of [her] job functions at Ocwen, [she is] familiar with the business records maintained by Ocwen for the purpose of servicing mortgage loans, collecting payments and pursuing any delinquencies (the 'Servicing Records')".

2017 WL 9250372, at *3. The court found that based on these averments, "Wilson has established her job makes her familiar with Ocwen's business records and that statements within her Affidavit are based on her review of the Servicing Records." *Id.*

The affidavit in *Powe* is nearly indistinguishable from the Martin Affidavit in the instant case. Martin averred as follows:

> I have personal knowledge of the facts stated herein based upon the performance of my duties as a Vice President of the Commercial Asset Team at PNC Bank, National Association . . . for Plaintiff. The facts stated herein are within my personal knowledge, true, and correct. The statements herein are based upon personal knowledge obtained through my review of those account records maintained by PNC Bank as the successor-by-merger of BBVA USA formerly known as Compass Bank as part of my duties. . . . I have access to and have reviewed the records

5

> of the account and am authorized to make this affidavit on behalf of PNC Bank.

(Dkt. #22, Exhibit 1 at pp. 3–4, ¶ 1).

As in *Powe*, the Court finds that Martin has established that his job makes him familiar with Plaintiff's business records and that the statements within the Martin Affidavit are based on Martin's review of the documents in question. Defendants' attempt to distinguish the affidavit in *Powe* from the Martin Affidavit is unpersuasive. Each affiant averred that their statements were based on an independent review of their respective documents. Notwithstanding Defendants' contention to the contrary, Martin's affidavit is not based "entirely on the due diligence work of a defunct entity." Thus, Defendants' first objection to the Report is **OVERRULED**.

### *Defendants' Second Objection*

Defendants' second objection is an extension of the first. That is, Defendants assert that the Martin Affidavit is not trustworthy because it "contains layered hearsay expressly prepared in anticipation of litigation as a means of certifying records without averring that the records being incorporated have been independently verified . . . ." (Dkt. #45 at p. 9).

Defendants cite case law from the Tenth Circuit as support. For example, Defendants claim that for the Martin Affidavit to be admissible, Plaintiff must provide "(1) proof that the business has a policy of verifying the accuracy of information; or (2) proof that the business possesses a sufficient financial self-interest in the accuracy of the record." (Dkt. #45 at pp 9–10) (citing *United States v. Blechman*,

6

657 F.3d 1052 (10th Cir. 2011)). Defendants' reliance on *Blechman* is misplaced. *Blechman* states: "If the person who provides the information is an outsider to the business who is not under a business duty to provide accurate information, then the reliability rationale that underlies the business records exception ordinarily does not apply." *Id.* at 1065. The *Blechman* analysis hinges on "information [being] provided by an outsider to the business who is not under a business duty to provide accurate information." That is not the case here. The information was not acquired by an outsider. Rather, it was acquired via a merger between Plaintiff and BBVA USA and reviewed by Martin.

Defendants use the misguided application of *Blechman* to then suggest that the Martin Affidavit "was prepared purely in anticipation of litigation and not as an attestation to a regular practice of PNC Bank . . . ." (Dkt. #45 at p. 10). As discussed above, Plaintiff has established that Martin was qualified to testify as a custodian of records, that his personal knowledge was based on his role as a custodian of records, and that the business records were acquired as a result of the merger between Plaintiff and BBVA USA. Accordingly, Defendants' second objection to the Report is **OVERRULED**.

### *Defendants' Remaining Objections*

The remainder of Defendants' objections are predicated on Defendants' contention that the Martin Affidavit is inadmissible, which the Court has rejected, *supra*. Accordingly, Defendants' remaining objections to the Report are **OVERRULED**.

## CONCLUSION

Having conducted a de novo review of Defendants' objections (Dkt. #45) and the portions of the Report to which Defendants specifically object, as well as Plaintiff's Response (Dkt. #48), the Court is of the opinion that the findings of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings of the Court.

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. #22) is **GRANTED** as set forth by the Report (Dkt. #41) and the case is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that **JUDGMENT** is entered as follows: (1) After all offsets, payments, and credits have been allowed, Plaintiff PNC Bank, National Association has been damaged by Defendants TSG II Investments, LLC and Ted Groesbeck, jointly and severally, in the sum of $990,867.14; and (2) Plaintiff PNC Bank, National Association shall have and recover of and from Defendants TSG II Investments, LLC and Ted Groesbeck, jointly and severally, judgment in the sum of $990,867.14; prejudgment interest at the default rate under the loan documents of 18.00% per annum from June 22, 2022, through entry of judgment; post-judgment interest at the current legal rate on the date of judgment; and costs of court, together with reasonable and necessary attorney's fees in a sum determined by the Court via separate motion pursuant to Federal Rule of Civil Procedure 54. Plaintiff's motion shall be filed within fourteen days of the entry of judgment.

It is further **ORDERED** that any request for relief not addressed by the Report (Dkt. #41) is **DENIED as moot**.

8

**So ORDERED and SIGNED this 16th day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE